IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WORLD FUEL SERVICES, INC., § | |
| § | |
| Appellant, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-cv-00506-E |
| § | |
| REORGANIZED DEBTORS ERICKSON § | |
| HELICOPTERS, INC., et al., § | |
| § | |
| Appellees. § | |

## MEMORANDUM OPINION AND ORDER

Appellant World Fuel Services, Inc. appeals a Bankruptcy Court order denying allowance of its claim against debtor Erickson Helicopters, Inc. At issue is whether the Bankruptcy Court's determination that it was inequitable to allow the informal proof of claim was an abuse of discretion. The Court has carefully reviewed the parties' briefing, the appellate record, and the applicable law. Finding that the Bankruptcy Court did not abuse its discretion in balancing the equities, the Court affirms the Bankruptcy Court order.

### BACKGROUND

The case arises out of seven Chapter 11 bankruptcy cases filed by Erickson Helicopters, Inc. ("Erickson Helicopters") and related aviation service entities. The other debtors are Erickson Incorporated—the parent company of Erickson Helicopters, Evergreen Helicopters International, Inc., EAC Acquisition Corporation, Erickson Transport, Inc., Evergreen Equity, Inc., and Evergreen Unmanned Systems, Inc. The Bankruptcy Court ordered the joint administration of the

1

cases under the case number for Erickson Incorporated. Nevertheless, the debtors were to maintain a separate claims register for each Chapter 11 case.

At the time Erickson Helicopters and the affiliated entities filed for bankruptcy, Appellant World Fuel Services and Erickson Helicopters were involved in litigation in Oregon. Appellant claimed it was owed money for jet fuel it supplied to a company formerly affiliated with Erickson Helicopters and that Erickson Helicopters was obligated to pay pursuant to a guaranty agreement. Appellant filed suit in 2016 in federal court in Oregon ("the Oregon litigation"). The only defendant was Erickson Helicopters, "formerly known as Evergreen Helicopters, Inc." Appellant later moved for summary judgment, and Erickson Helicopters sought leave to amend its answer to assert counterclaims. In November 2016, before any ruling on these pending motions, the Oregon litigation was stayed when Erickson Helicopters and its affiliates commenced the Chapter 11 cases.

Appellant filed a notice of appearance in the bankruptcy cases. The Bankruptcy Court set a deadline of March 20, 2017, for creditors to file a proof of claim. Appellant timely filed a proof of claim that listed Evergreen Helicopters International as the debtor and Erickson Incorporated as an additional debtor. The proof of claim was filed in the Evergreen Helicopters bankruptcy case, and the case number referenced is 16-34392, the Evergreen Helicopters case number. The proof of claim was not filed in the Erickson Helicopters case or the lead case of Erickson Incorporated. The amount of the claim is $14,546,621.92. Several documents were attached to the proof of claim, including a copy of the guaranty agreement which included the name of Erickson Helicopters' prior entity and the complaint against Erickson Helicopters in the Oregon litigation, which did not involve Evergreen International or Erickson Incorporated.

The confirmation hearing took place on the date after the deadline to file a proof of claim, and on March 22, 2017, the Bankruptcy Court confirmed the Debtors' Second Amended Joint Plan

of Reorganization, which became effective on April 28, 2017. Under the Plan, the Erickson Litigation Trust was formed. The litigation trustee was given the exclusive right to object to proofs of claim. The Plan required any objections to claims to be filed within 180 days of the effective date of the Plan. The Plan stated that a claim is allowable under the Bankruptcy Code for which a proof of claim was timely filed and as to which no objection or other challenge to allowance thereof has been filed, or if an objection or challenge has been timely filed, such claim is allowed by final order. Appellant's claim was classified as a Class 6, General Unsecured Claim, meaning Appellant was entitled to receive its pro rata share of the litigation trust's interests. The Plan further provided that no distributions shall be made on account of an allowed claim that is payable pursuant to an Erickson Helicopter insurance policy until the holder of such a claim has exhausted all remedies pursuant to the policy.

The trustee filed an objection that disputed Appellant's proof of claim, stating it was "subject to litigation." The trustee later withdrew his objection and the Bankruptcy Court approved the withdrawal of the objection.

In April 2018, Appellant filed a Motion for Relief from the Automatic Stay asking the Bankruptcy Court to lift the stay so it could continue to pursue its claims in the Oregon litigation. Appellant sought to proceed with the litigation only with respect to available insurance. The Bankruptcy Court issued a Lift Stay Order that permitted Appellant to prosecute or otherwise resolve the Oregon litigation on the merits, but only allowed it to recover any judgment from the proceeds of an Erickson Helicopters' insurance policy.

The Oregon court reactivated the Oregon litigation and eventually denied Appellant's motion for summary judgment and permitted Erickson Helicopters to amend its answer to assert counterclaims. Erickson Helicopters asserted counterclaims for breach of contract, fraudulent and

negligent inducement and misrepresentation, and violation of the Florida Deceptive and Unfair Trade Practices Act.  In answer to the counterclaims, Appellant argued that Erickson Helicopters was barred by Bankruptcy Court order from bringing counterclaims against it.  It argued the merits of its guaranty claims had already been decided in the Chapter 11 cases.

After its summary judgment motion was denied in the Oregon litigation, on May 19, 2020, Appellant filed with the Bankruptcy Court a Motion to Enforce Second Amended Joint Plan of Reorganization.  Appellant made what it later called a "scrivener's error" and referred in the motion to *Evergreen* Helicopters International as the debtor, not *Erickson* Helicopters, Inc.  Appellant sought to bar litigation of the merits of the proof of claim in the Oregon litigation, arguing the Plan precluded the defendant from raising substantive contractual defenses to Appellant's claims.  In September 2020, the Bankruptcy Court ruled that the proof of claim was allowed and "EHI" was enjoined from asserting any defenses in the Oregon litigation that may have been resolved as part of the allowance of the claims.

Erickson Helicopters, together with its insurance company Allied World Assurance Company and Evergreen Helicopters, moved to vacate the order because Appellant's motion named Evergreen Helicopters, who was not a party to the Oregon litigation, not Erickson Helicopters.  The movants asked the Bankruptcy Court to clarify that Appellant has no allowed claim against Erickson Helicopters because it never filed a proof of claim against that entity.  The Bankruptcy Court vacated its earlier order and asked for briefing on Appellant's arguments as they relate to Erickson Helicopters.

Appellant then filed a "*Corrected* Renewed Motion to Confirm Allowance of Claim Against Erickson Helicopters, Inc., Enforce Second Amended Joint Plan of Reorganization, Order Resolving Objections to World Fuel Services, Inc.'s Proof of Claim, and Order Granting Relief

4

from the Discharge Injunction" ("Motion to Enforce").  The Bankruptcy Court's order denying the Motion to Enforce is the subject of this appeal.  In its Motion to Enforce, Appellant argued that its informal proof of claim was an allowed claim and the terms of the Plan prevented Erickson Helicopters from acting as anything more than a nominal defendant in the Oregon litigation.  The trustee did not oppose the Motion to Enforce.

The Bankruptcy Court heard arguments on the Motion to Enforce on January 21, 2021.  It issued an oral ruling on February 3, 2021, and issued its written order denying the motion nine days later.  The Bankruptcy Court ruled that Appellant has no allowed claim of any kind against Erickson Helicopters.  Erickson Helicopters received a full discharge on all Appellant's claims pursuant to the Debtors' Plan, as amended and supplemented.

Appellant contends the Bankruptcy Court erred in disallowing its claim.  It asks this Court to reverse and remand with instructions directing the Bankruptcy Court to enter an order granting the Motion to Enforce.

## ANALYSIS

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court.  28 U.S.C. § 158(a).  Because the district court functions as an appellate court in this scenario, it applies the same standards of review that federal appellate courts use when reviewing district court decisions.  *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992).  *See* FED. R. BANKR. P. 8013.

The Fifth Circuit has acknowledged the viability of informal proofs of claims.  *See In re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000).  There is a five-element test in this circuit for evaluating whether to allow an informal proof of claim:  (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence

an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances. *Id.* The only element of this test at issue in this appeal is the fifth element. This Court reviews the Bankruptcy Court's balancing of the equities for an abuse of discretion. *Id.*[1]

When giving its oral ruling, the Bankruptcy Court found that Appellant had satisfied the four notice elements of the test for informal proofs of claim. Thus, the judge's decision came down to the fifth element, whether allowance of the claim would be equitable under the circumstances. The judge acknowledged that the equities of the case are "a bit tangled." He went through the various arguments made by both sides regarding the equities, including delay in realizing the claim was filed in the wrong case, prejudice, the trustee's behavior, the sophistication of Appellant's counsel, and others. The Bankruptcy Court agreed with Appellant that allowing the claim would not prejudice other creditors because "it would only enhance its ability to recover from Allied World and reduce its claim against the litigation trust." The judge found "compelling" that there is a general preference for disputes to be determined on the merits with full participation of the real parties in interest. The judge noted that if Appellant had filed its proof of claim against the proper entity, such an allowed claim would have been binding on Erickson Helicopters and

---

[1] Appellant urges the Court to apply a de novo standard of review, citing the United States Supreme Court's decision in *U.S Bank National Association ex rel. CWCapital Asset Management, LLC v. Village at Lakeridge, LLC*, 138 S. Ct. 960 (2018). Appellant argues a de novo standard applies because the Bankruptcy Court's order is the result of a legal error—misapplication of the law set out in the *Nikoloutsos* case. The "legal error" Appellant identifies is the Bankruptcy Court's conclusion that the equitable considerations factor had not been satisfied when neither the debtor's estate nor the creditors would be harmed. The Court fails to see how the result of balancing equitable considerations in this case could somehow be considered a legal error. Further, *U.S. Bank* is easily distinguishable. The issue before the Supreme Court in *U.S. Bank* was what standard of review applies to a Bankruptcy Court's determination that a person is an "insider" when conferral of that status depends on whether the person's transactions with the debtor were at arm's length. *Id.* at 963. The Court held that such a conclusion is subject to review only for clear error. *Id.* at 969. In a footnote, the Court stated, "[I]f the bankruptcy court somehow misunderstood the nature of the arm's length query—or if it devised some novel multi-factor test for addressing that issue—an appellate court should apply *de novo* review." *Id.* at 968 n.7. The *U.S. Bank* case did not involve the balancing of equitable considerations, and this Court concludes the language Appellant relies on is inapplicable to the facts of the instant case.

Erickson Helicopters would not have been permitted to raise substantive, contractual defenses to the claim in the Oregon litigation. In turn, its insurance company would been prevented from relying on those defenses. The Bankruptcy Court found that under the circumstances, litigation on the merits would be more equitable than allowing Appellant's claim against Erickson Helicopters and binding other parties to it.

Appellant argues the Bankruptcy Court erred by not finding that the fifth element had been satisfied. First, it argues that the equitable considerations element was automatically satisfied because there is no prejudice to the debtor or its creditors. Appellant asserts it demonstrated that allowing its proof of claim would benefit all other creditors because, if Appellant prevailed against insurance, it would not dilute the recoveries of any other creditor. Next, Appellant contends the Bankruptcy Court erred by relying on a stated preference for litigation on the merits. Appellant argues there is no legal basis for this preference. Appellant also asserts the Bankruptcy Court erred by disregarding the fact that the trustee objected to the proof of claim and in doing so, identified the existence of "pending litigation" as the basis for the objection, but then never opposed the Motion to Enforce.

There is little case law on what factors should be considered in determining whether allowance of a claim is equitable under the circumstances, which not surprising given the fact that equitable considerations are going to be different in every situation. Appellant argues that it is undisputed that neither Erickson Helicopters nor its creditors would be prejudiced if the proof of claim was allowed and Appellant prevails against insurance. Without citation to authority, Appellant contends this circumstance mandates reversal. It argues that it cannot be inequitable to allow a claim when a debtor and its creditors are not harmed by the allowance.

Equitable considerations do not lend themselves to the bright-line rule Appellant suggests. In reviewing the Bankruptcy Court's decision, the Court has taken into account the totality of the circumstances and all the considerations argued by the parties and evaluated by Bankruptcy Court. While there were factors that weighed in favor of Appellant, the Bankruptcy Court ultimately decided that the equities weighed in favor of disallowing the claim and letting the claim be decided on the merits in the Oregon litigation. Erickson Helicopters/Allied World put forth defenses to Appellant's claim in that litigation that would be precluded if the claim was allowed in Bankruptcy Court. The Bankruptcy Court concluded it would be inequitable to foreclose these potential defenses, and this Court finds such a determination was within the Bankruptcy Court's discretion. The Court concludes the Bankruptcy Court did not abuse its discretion in determining that allowance of the Appellant's informal proof of claim would be inequitable under the circumstances. The Bankruptcy Court's order is AFFIRMED.

**SO ORDERED.**

Signed March 21, 2022.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE